

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP–76,871

**EX PARTE RAUL PARRA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20060D03360 IN THE 409TH DISTRICT COURT
### FROM EL PASO COUNTY

**MEYERS, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

Code of Criminal Procedure Article 36.27 provides that when the trial court receives a note from the jury, he should first submit the question and his answer to the defendant or his counsel before giving the answer to the jury. Here, the trial judge received a note that two of the jurors were threatening to walk out of the deliberations and they wanted to know the consequences of doing so. The judge gathered the jury, the defendant, defense counsel, and the prosecutor in the courtroom and informed them that

any jurors who walked out on deliberations would be put in the county jail and returned to the jury the next day to continue to deliberate. Applicant's counsel did not object to the trial court's failure to comply with Article 36.27 and did not object to the judge's instruction to the jury. The jury decided to continue deliberating and, within less than 30 minutes, returned a verdict assessing a life sentence.

The judge's actions in threatening to put jurors in jail and in failing to inform counsel that this would be his response to the jury's questions were error and there is no reasonable strategy to explain counsel's failure to object to these errors. The deficiencies in counsel's performance deprived Applicant of a fair and impartial jury and likely affected the judgment against him. I would hold that Applicant received ineffective assistance of counsel and would grant relief.

Filed: September 18, 2013

Publish